MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

Yashua Shekhem El                                                  x

                   Plaintiff                          x  Civil Docket #

v.                                                                 x  **7: 26-cv-00112-KMK-SN**

                                                                  x

AMANDA HILLER, Acting Commissioner and  x
General Counsel, New York State Department of  x
Taxation and Finance (NYSDTF), in her individual and  x
official capacities; KAREN GEDULDIG, Deputy  x
Commissioner for Tax Enforcement, NYSDTF, in her  x
individual and official capacities; JOSH RUSSELL,  x
District Tax Attorney, NYSDTF, in his individual and  x
official capacities; New York State Department of  x
Taxation and Finance; PROSEGUR SERVICES  x
GROUP, INC., successor to Command Security  x
Corporation, in its private capacity; TD BANK, N.A.,  x
in its private capacity;                                           x

                   Defendant(s).                      x

------------------------------------------------------------------ x

RECEIVED
SDNY PRO SE OFFICE
2026 FEB 13 AM 11: 24

## PLAINTIFF'S MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE KENNETH M. KARAS

Plaintiff Yashua Shekhem El, proceeding pro se, respectfully moves for recusal and

disqualification of the Honorable Kenneth M. Karas pursuant to **28 U.S.C. § 455(a)** and **§**

**455(b)(1)**.

### PRELIMINARY STATEMENT

This motion is compelled **solely by undisputed procedural events that have already**

**occurred and are reflected on the docket**.

This action was initially and properly assigned through random assignment to Judge Dale

E. Ho. Defendants thereafter sought reassignment based on alleged "relatedness" to a prior action

over which Judge Karas presided. Plaintiff timely filed a written opposition raising due-process

1

# MEMO ENDORSED

and impartiality concerns. **That opposition was never adjudicated.** Instead, the Clerk administratively accepted relatedness and reassigned the case.

As a result, the Court is now positioned to preside over a case whose **posture and issues presented by this action** necessarily implicate the integrity and consequences of the Court's own prior ruling — a ruling that is the subject of a **pending judicial misconduct complaint** alleging fraud upon the court.

Here, continued adjudication by the same judge is incompatible with the appearance of impartiality required by § 455(a) and risks entanglement with disputed evidentiary facts under § 455(b)(1). Recusal is therefore mandatory.

This motion is institutional, not accusatory. Plaintiff seeks only restoration of neutral adjudication and preservation of public confidence in the judiciary.

## FACTUAL BACKGROUND
(Limited to Undisputed Procedural Facts)

1. Plaintiff commenced this action on January 7, 2026.

2. The case was initially assigned through random assignment to Judge Dale E. Ho.

3. Defendants filed a Statement of Relatedness seeking reassignment based on **Shekhem El v. Hiller, et al., No. 7:24-cv-00730-KMK**.

4. Plaintiff timely filed a written opposition to reassignment.

5. **No judicial ruling was issued adjudicating Plaintiff's opposition.**

6. On February 12, 2026, the Clerk administratively reassigned the case to Judge Kenneth M. Karas.

7. The prior action is the subject of a **formal, pending Complaint of Judicial Misconduct** filed by Plaintiff with the United States Court of Appeals for the Second Circuit.

2

**MEMO ENDORSED**

These facts are undisputed and are presented solely for purposes of this motion.

## LEGAL STANDARD

Under **28 U.S.C. § 455(a)**, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The inquiry is objective and focuses on public perception rather than actual bias.

Under **§ 455(b)(1)**, recusal is required where a judge has personal knowledge of disputed evidentiary facts material to the proceeding.

Courts have repeatedly held that recusal is required where a judge would be placed in the position of presiding over a case whose **posture and issues** necessarily implicate the integrity, consequences, or factual predicates of the judge's own prior ruling.

## ARGUMENT

### I. RECUSAL IS REQUIRED UNDER § 455(a)

The administrative reassignment places the Court in the position of presiding over a case whose **posture and issues presented by this action** necessarily implicate the validity and consequences of the Court's own prior ruling, which is now the subject of a pending misconduct complaint.

A reasonable observer would question impartiality under these circumstances, particularly where reassignment occurred **without adjudication of Plaintiff's opposition**, depriving Plaintiff of a neutral determination at the assignment stage and reinforcing the appearance of institutional entanglement.

Section 455(a) exists precisely to prevent this appearance.

3

# MEMO ENDORSED

## II. RECUSAL IS ALSO REQUIRED UNDER § 455(b)(1)

Because the prior proceeding involved disputed factual and procedural representations that bear directly on the posture and issues presented in this action, the Court would necessarily possess personal knowledge of disputed evidentiary facts material to this case.

Section 455(b)(1) independently requires disqualification to avoid improper entanglement with those disputed facts.

## III. PLAINTIFF SEEKS RESTORATION OF THE STATUS QUO ANTE

Plaintiff does not seek reassignment to a different or randomly selected judge. Plaintiff seeks only restoration of the original judicial assignment that existed prior to the unadjudicated relatedness transfer.

This request corrects a procedural defect and does not constitute judge-shopping.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Recuse the Honorable Kenneth M. Karas from this action;

2. **Reassign the case to the District Judge to whom it was originally assigned, namely Judge Dale E. Ho**; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: February 13, 2026
New York, New York

Respectfully submitted,

Yashua Shekhem El
Plaintiff, Pro Se
669 Main Street, #2039
New Rochelle, NY 10801
(347) 238-0639

4

This case ("the 2026 case") has been reassigned to this Court as related to another case currently pending before this Court (24-CV-730) ("the 2024 case").  *See* Rule 13(1)(A) of the Rules for the Division of Business Among District Judges, Southern District of New York,  After the reassignment, Plaintiff filed this Motion to Recuse.  It is denied.  Plaintiff makes two arguments in favor of recusal.  First, he claims that this case is not related to the 2024 case, both on the merits and because it is closed.  While the 2024 case was administratively terminated, after the Court granted Defendants' Motion to Dismiss,  Plaintiff filed a Motion to Vacate, which seeks relief from the Order dismissing the case and is currently pending.  (*See* Dkt. No. 93).  And, the 2026 case is related to the 2024 per Rule 13(a)(1) of the Rules for the Division of Business, as the two actions "concern the same or substantially similar parties, property, transactions or events," "there is substantial factual overlap," "the parties could be subjected to conflicting orders," and, in the absence of deeming the cases to be related, "there would be a substantial duplication of effort and expense, delay, or undue burden  on  the  Court, parties  or  witnesses."   In both cases, Plaintiff is challenging the same DTF efforts to collect unpaid taxes from Plaintiff, references the same underlying state court cases, names three of the same parties as defendants and brings overlapping substantive claims derived from a strikingly similar underlying fact pattern.  It also bears noting that in both cases, Plaintiff claims to have a mailing address in the Northern Counties.  That Plaintiff may disagree with the determination of relatedness gives him no right to challenge it or to require assignment of the case back to Judge Ho, as the Rule "shall not be deemed to vest any rights in litigants or their attorneys." (Rules for the Division of Business Among District Judges, Southern District of New York.).  *Cf. United States v. Astra Motor Cars*, 352 F. Supp. 2d 370, 372 (E.D.N.Y. 2005) ("[T]hese rules are not intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the Eastern District administratively handles and assigns its cases.").  Thus, there is no basis to undo the reassignment, which was consistent with the District's rules.

Plaintiff's second argument for recusal is that he claims there are reasons to question this Court's impartiality. He bases this assertion on the Court's handling of the 2024 case and his own misconduct complaint against this Court (which itself is based on the Court's decisions in the 2024 case that were adverse to Plaintiff). However, "adverse judicial rulings, whether over the course of the same proceeding or in other litigation involving the party who is seeking recusal, do not constitute a basis for recusal."  *Amelio v. Houri*, No. 22-CV-975, 2025 WL 1982944, at *5 (S.D.N.Y. June 16, 2025) (omitting internal quotation); *see also Hoffenberg v. United States*, 333 F. Supp. 2d 166, 178 (S.D.N.Y. 2004) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that recusal is not warranted merely because of repeated judicial rulings against the movant)). To the extent Plaintiff disagrees with the Court's adverse rulings in this or any case, he may appeal those rulings. But his disagreement with those rulings does not give him license to shop for another judge.

So Ordered.

2/18/26